O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHNELL LYNN POOL,<br>             Petitioner,<br>   v.<br>JOHN F. SALAZAR, WARDEN,<br>             Respondent. | NO. EDCV 10-00542-JHN (MAN)<br><br>ORDER ADOPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATIONS<br>OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, all of the records herein, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Objection to the Report.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a *de novo* review of those matters to which objections have been stated in writing.

    In the Report, the Magistrate Judge concluded that Petitioner has been aware of the factual basis for his claims since at least May 1997, and thus, his limitations period commenced running in May 1997, and expired no later than May 19, 1998 -- almost 12 years before the instant

Petition was filed. Although the Magistrate Judge's July 23, 2010 Order directed Petitioner to assert any claimed entitlement to equitable tolling in his opposition to Respondent's motion to dismiss, Petitioner did not assert any entitlement to application of the equitable doctrine, much less allege any basis for its application, in his opposition or any other filing. However, in his Objection, Petitioner now argues that he is entitled to receive an unspecified period of equitable tolling. As the basis for his entitlement to equitable tolling, Petitioner asserts that, although he has been aware of his claims since at least May 1997, he delayed seeking federal habeas relief until 2010, because he wanted "to see if The Board of Prison Terms (then) now, Board of Parole Hearings (BPH) would be fair and impartial to him." (Objection at 2.)[1]

A district court has discretion, but is not required, to consider evidence or claims presented for the first time in Objections to a Magistrate Judge's Report and Recommendation. *See* <u>Brown v. Roe</u>, 279 F.3d 742, 744-45 (9th Cir. 2002); <u>United States v. Howell</u>, 231 F.3d 615, 621-22 (9th Cir. 2000). Despite its belated nature, the Court has considered Petitioner's present equitable tolling contention and finds it insufficient to warrant further consideration and application of the equitable tolling doctrine.

Even assuming the truth of Petitioner's assertion regarding the reason for his delay in seeking federal habeas relief, this conduct

---

[1] The remaining arguments in the Objection go to the merits of Petitioner's habeas claims, rather than the timeliness issue addressed and resolved by the Report. Because the Magistrate Judge found the Petition untimely, she properly did not reach the merits of the habeas claims in her Report.

could not justify equitable tolling for the reasons set forth in the Report (at pp. 10-13).  Petitioner's decision to delay seeking federal habeas relief for almost 13 years was unreasonable and cannot be said to constitute the required diligence.  Moreover, that delay was based on his own choice, rather than an extraordinary circumstance that prevented him from presenting his claims in a timely manner.  Thus, neither required element of the equitable tolling doctrine can be established, and application of the doctrine, therefore, is precluded under well-established law.[2]  *See, e.g.,* Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2562 (2010); Lawrence v. Florida, 549 U.S. 327, 336, 127 S. Ct. 1079, 1085 (2007); Pace v. DiGuglielmo, 544 U.S. 408, 418 and n.8, 125 S. Ct. 1807, 1814-15 and n.8 (2005); Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

   Having completed its review, the Court accepts and adopts the Magistrate Judge's Report and the findings of fact, conclusions of law, and recommendations therein.

   IT IS ORDERED that:  (1) Respondent's Motion to Dismiss is GRANTED; and (2) Judgment shall be entered dismissing this action with prejudice.

///
///
///
///
///

---

[2]   Given that Petitioner's equitable tolling claim cannot warrant equitable tolling even if believed, Petitioner's argument that he is entitled to an opportunity to "develop the facts" regarding the asserted reason for his delay is not persuasive.

    IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner and counsel for Respondent.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 6, 2010

_____
JACQUELINE H. NGUYEN
UNITED STATES DISTRICT JUDGE